**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTIE N. SCHNEIDER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:01 CV 1237 LMB** |
| | ) | |
| **SULLIVAN UNIVERSITY, f/n/a** | ) | |
| **SULLIVAN COLLEGE,** | ) | |
| **GREG CAWTHON, and** | ) | |
| **JAMES M. KEARFOTT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on the Complaint of plaintiff Christie N. Schneider and

against defendants Sullivan University, Greg Cawthon and James M. Kearfott. This case has been

assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform

Act and is being heard by consent of the parties. See 28 U.S.C. § 636(c).

Presently pending is plaintiff's "Motion to Vacate For Fraud in the Court." (Document

Number 105). Plaintiff has also filed a motion for appointment of counsel. (Doc. No. 108).

Defendants Sullivan University and Greg Cawthon filed a Response to plaintiff's motion. (Doc.

No. 112). Defendant James Kearfott has also filed a Response, in which he incorporates the

arguments set out in the Response of Defendants Sullivan University and Greg Cawthon. (Doc.

No. 113).

**Background**

On August 4, 2004, this court issued an Order granting defendants Sullivan University and

Greg Cawthon's Motion for Summary Judgment on all of plaintiff's claims. (Doc. No. 94). The undersigned found that: (1) plaintiff failed to exhaust her administrative remedies in regard to her Title VII claims; (2) plaintiff's Missouri Human Rights Act (MHRA) claims were time-barred; (3) plaintiff's breach of contract claim failed because no valid contract of employment existed; (4) plaintiff's common law tort claims were preempted by Title VII and/or existing law; and (5) plaintiff lacked standing to bring a claim under 42 U.S.C. § 1981. On August 16, 2004, plaintiff filed a Motion to Reconsider, in which she argued that the doctrine of equitable tolling should be applied to preserve her EEOC charge. (Doc. No. 96). The undersigned denied plaintiff's Motion to Reconsider on February 4, 2005, holding that plaintiff should have raised the defense of equitable tolling in response to defendants' motion for summary judgment. (Doc. No. 101).

On March 7, 2005, plaintiff, through her father Paul Schneider, filed her Motion to Vacate for Fraud in the Court and motion for appointment of counsel. On the same day, plaintiff filed a Notice of Appeal. (Doc. No. 110). This court will consider plaintiff's Motion to Vacate for Fraud in the Court as a motion under Rule 60(b). This court has jurisdiction to consider plaintiff's Rule 60(b) motion on the merits and deny it even though an appeal is pending. See Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004).

**Discussion**

#### A.    Rule 60(b) Motion

Rule 60(b) allows a party to seek relief from a final judgment or order if the party can prove mistake, inadvertence, surprise, excusable neglect, fraud, the judgment is void, or for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). Such relief, however, is an "extraordinary remedy" that is only justified by "exceptional circumstances."

Watkins v. Lundell, 169 F.3d 540, 543-44 (8th Cir. 1999). Further, Rule 60(b) is "not a vehicle for simple reargument on the merits." Broadway v.Norris, 193 F.3d 987, 990 (8th Cir. 1999).

In this case, the court finds that plaintiff's argument lacks merit. Although plaintiff alleges fraud, she cites no evidence in support of her allegation. Plaintiff claims that defendants have "interfered and obstructed her right, to a fair trial and justice, by intimidating her, her attorney and all else, that dare stand and speak out against Defendants and their unlimited money." Doc. No. 105 at 1-2. Plaintiff, however, cites to no specific instances in which defendants have intimidated her or otherwise prevented her from presenting her case. Plaintiff also claims that the court's grant of defendants' motion for summary judgment was based upon the fact that plaintiff was terminated on June 26, 1997, when in fact her termination was effective June 30, 1997. As defendants point out, however, plaintiff stated in her First Amended Complaint that she was discharged on June 26, 1998. See Doc. No. 47 at 2,3. Further, a termination date of June 30, 1997 would not affect the outcome in this case. Accordingly, plaintiff is not entitled to relief from the judgment dismissing her Complaint without prejudice.

### B.    Motion for Appointment of Counsel

Plaintiff also requests that the court appoint counsel for her in this matter. Appointment of counsel in a civil case is governed by 28 U.S.C. § 1915(d). The district court has broad discretion to appoint counsel for indigents under this provision. See Johnson v. Williams, 788 F.2d 1319 (8th Cir. 1986). In this case, the court has revoked plaintiff's in forma pauperis status, finding that plaintiff failed to disclose her change in financial circumstances to the court in violation of Local Rule 2.05. (Doc. No. 94). Plaintiff has failed to demonstrate that she is

entitled to the appointment of counsel at this time.

Accordingly,

### ORDER

**IT IS HEREBY ORDERED** that plaintiff's Motion to Vacate For Fraud in the Court

(Doc. No. 105) be and it is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Doc.

No. 108) be and it is **denied**.

Dated this __28th__ day of November, 2005.

Lewis M. Blanton

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE